No. 6116.

## INTERDICTION OF HENRY HIRSH.

### Syllabus.

Questions of fact only are involved.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 101,372. Hon. E. K. Skinner, Judge.

Moise, Suthon & Loomis, for plaintiff and appellant.

L. Charbonnet, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The curator appeals from a judgment maintaining Dr. Seebold's opposition to the account and allowing the latter compensation in the sum of $1000.00 for medical services and attention rendered to the interdict prior to his interdiction. The opponent has answered the appeal and prays that the judgment be increased to the amount demanded in his opposition, namely, $1,975.00.

The services covered a period of several months extending to within a few weeks of the interdiction proceedings; and while it is true that Hirsch was not insane during this period and was mentally capable of contracting for the medical attention which he required, still it is safe to say that he never for a moment contemplated or appreciated that he would incur on this score an expense of such proportions as is evidenced by opponent's demand. And it is a fact established by opponent's own witnesses that when the account or bill for the first month's services was presented, Hirsch refused to pay same, protesting against the scale of charges and pronouncing them unreaonable.

As to the duration and frequency of the visits made and as to the reasonableness of the charge for each visit, the testimony of the opponent is to some degree corroborated by that of other witnesses. But for proof as to the nature and seriousness of the illness or diseases from which the interdict was suffering and as to the consequent necessity of making the unusually large number of visits for which compensation is sought, the opponent relies entirely upon his own unsupported statements.

Upon the whole we have no doubt that Hirsch was seriously ill for a long time and that he required and rerecived of opponent skilled and constant service and conscientious attention, while the efficacy of the treatment is demonstrated by the fact that the patient's physical condition and general health were very good at the time these proceedings were instituted.

But considering the character of the proof, the station in life and value of the estate of the interdict, we are unable to say that the trial Court's allowance was not proper and we accordingly do not feel justified in amending the judgment in favor of either party to the litigation.

The judgment is affirmed.